

___ FILED        ___ RECEIVED
___ ENTERED      ___ SERVED ON
        COUNSEL/PARTIES OF RECORD

JAN 1 9 2011

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:                        DEPUTY

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT L. FITZGERALD,            )<br>                                 )<br>            Plaintiff,             )<br>                                 )<br>    vs.                          )<br>                                 )<br>QUALITY LOAN SERVICE CORP et al., )<br>                                 )<br>            Defendants.           )<br>_____ ) | 3:10-cv-00001-RCJ-VPC<br><br>**ORDER** |

This is a standard foreclosure case involving one property.  The Complaint is a thirty-nine-page MERS-conspiracy-type complaint listing six causes of action.  Six motions are pending before the Court: four motions to dismiss, one motion to remand, and one motion to stay.  Three of the motions are moot.  Motion 14 is moot because the event until which the movant requested a stay has now passed.  Motions 10 and 11 are moot because they are motions to dismiss that have been superseded by the respective movants' new motions to dismiss only the causes of action remanded from MDL Case No. 2:09-md-02119-JAT.  Judge Teilborg has partially remanded the case. (*See* Order 8:24–9:2, June 4, 2010, ECF No. 37).  The Court may rule on the following causes of action: (5) Unjust Enrichment; and (6) Injunctive Relief, Declaratory Relief, and Reformation. *See id.*  Although the foreclosure may have been statutorily defective, the property has already been sold and the claims for unjust enrichment and reformation are unmeritorious.

I.      **THE PROPERTY**

Plaintiff Robert L. Fitzgerald gave lender CTX Mortgage Co., Inc. ("CTX") a $650,000 mortgage to purchase the property at 1180 W. Peckham, Reno, NV 89509 (the "Property"). (*See* Deed of Trust ("DOT") 1–3, Feb. 9, 2005, ECF No. 39-1). The trustees were John L. Matthews and Timothy M. Bartosh. (*See* Notice of Default ("NOD"), Dec. 22, 2008, EC No. 39-3). Quality Loan Services Corp. ("QLS") filed the NOD due to a default of an unspecified amount as of September 1, 2008. (*See id.*). QLS had been substituted in as trustee by IndyMac on the same date. (*See* Substitution of Trustee, Dec. 22, 2008, ECF No. 41-3). The Property was sold to Deutsche Bank National Trust Co. on January 19, 2010. (*See* Trustee's Deed, Jan. 18, 2010, ECF No. 41-6).

MERS purported to transfer "all beneficial interest under [the DOT]" to IndyMac Federal Bank FSB ("IndyMac") on Dec. 22, 2008. (*See* Assignment, Dec. 22, 2008, ECF No. 39-2). Regardless of the language in the DOT, MERS is not in fact the beneficiary because it does not own the debt. MERS also does not have the ability to transfer the interest in the loan without more evidence of its agency on behalf of CTX in this regard than being named as nominee on the DOT. In other words, based on the evidence produced, the DOT remains with CTX at this point, or with whatever entity currently holds the note, by operation of law. IndyMac probably has a worthless piece of paper, because it has an "assigned" deed of trust without having had the note that the deed of trust secures negotiated to it. *See Rodney v. Ariz. Bank*, 836 P.2d 434, 436 (Ariz. App. 1992) (quoting *Hill v. Favour*, 52 Ariz. 561, 568 (1938)); *Ord v. McKee*, 5 Cal. 515, 515 (1855) ("A mortgage is a mere incident to the debt which it secures, and follows the transfer of the note with the full effect of a regular assignment."). MERS purported in the "Assignment of Deed of Trust" to transfer the note to IndyMac for value, which would give IndyMac the right to enforce the note even without negotiation, *see* Nev. Rev. Stat. § 104.3203(2), but MERS likely did not have the ability to make such a transfer. In summary, the foreclosure may have been

1   statutorily invalid because QLS filed the NOD, and although it had been substituted as trustee, it

2   was substituted in by IndyMac, which may not have had the beneficial interest because it is

3   uncertain MERS was able to transfer it to IndyMac.

4   **II.    ANALYSIS**

5        Apart from the claim for injunctive relief, there are no meritorious claims.  Unjust

6   enrichment cannot lie where there is a contract, as here. *Lipshie v. Tracy Inv. Co.*, 566 P.2d 819,

7   824 (Nev. 1977).  Nor is there any action for reformation, because Plaintiff does not allege that

8   the contracts fail to represent the intent of the parties due to any mutual failure to express that

9   intent in the writing. *See Transaero Land & Dev. Co. v. Land Title of Nev., Inc.*, 842 P.2d 716,

10  718 (Nev. 1992); Restatement (Second) of Contracts § 155.

11       The motion to remand is without merit, because it does not allege a lack of complete

12  diversity but only an alleged failure to satisfy the $75,000 amount-in-controversy requirement,

13  an amount the case satisfies because of the value of the property that is the subject matter of the

14  suit.

15                              **CONCLUSION**

16       IT IS HEREBY ORDERED that the Motion to Remand (ECF No. 15) is DENIED.

17       IT IS FURTHER ORDERED that the Motion to Stay (ECF No. 14), CTX's Motion to

18  Dismiss (ECF No. 10), and QLS's Motion to Dismiss (ECF No. 11) are DENIED as moot.

19       IT IS FURTHER ORDERED that CTX's Motion to Dismiss (ECF No. 39) and QLS's

20  Motion to Dismiss (ECF No. 41) are GRANTED in part and DENIED in part.  All claims before

21  the Court are dismissed except the claim for injunctive relief based on statutorily defective

22  foreclosure.

23       IT IS FURTHER ORDERED that Defendants will submit a proposed order concerning

24  mediation and interim payments with respect to the Property, in accordance with the Court's

25  instructions at the hearing.

1       IT IS SO ORDERED.

2

3  Dated this 19th day of January, 2011.

4

5                    ROBERT C. JONES
                 United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25