**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ROBERT L. FITZGERALD, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> QUALITY LOAN SERVICE CORP et al., ) <br> ) <br> Defendants. ) <br> _____ ) | 3:10-cv-00001-RCJ-VPC <br><br> **ORDER** |

This is a residential foreclosure case involving one property. The Complaint is a MERS-conspiracy-type complaint listing six causes of action. Judge Teilborg partially remanded the case from MDL Case No. 2119 (the "MDL Case"). The Court dismissed the remanded unjust enrichment and reformation claims on the merits. The Court found that the foreclosure may have been statutorily invalid because of a questionable transfer of the beneficial interest by MERS. The Court therefore dismissed as against the lender, CTX Mortgage Co., Inc. but dismissed only in part as to Defendant Quality Loan Services Corp. ("QLS"), permitting a claim for injunctive relief to proceed as against QLS because of the potential defect in foreclosure. Defendants QLS and OneWest Bank, BSB ("OneWest"), f.k.a. IndyMac Bank, have now moved for summary judgment against the claim for injunctive relief insofar as it rests on an allegation of statutorily defective foreclosure. For the reasons given herein, the Court grants the motion.

Charles Boyle, a Vice President and records custodian of OneWest attests that Mortgage

1  Electronic Registration Systems ("MERS"), as nominee for CTX, assigned the subject
2  promissory note (the "Note") to IndyMac by endorsing it in blank and transferring it to IndyMac.
3  (Boyle Aff. ¶¶ 1, 4, 7, Mar. 18, 2011, ECF No. 71-1).  Defendants adduce a copy of the Note,
4  which is signed by Plaintiff. (*See* Note, Feb. 9, 2005, ECF No. 71-4).  It is a $650,000
5  promissory note given by Plaintiff to CTX, and it has been endorsed in blank by CTX, without
6  recourse. (*See id.* 4).  A separate assignment of the Note to IndyMac is also adduced. (*See*
7  Assignment, Dec. 22, 2008, ECF No. 71-3).  This was sufficient to transfer the beneficial interest
8  in Nevada if at least one of two things is also true: (1) CTX delivered or caused to be delivered
9  the blank-endorsed Note to IndyMac; or (2) MERS had the authority separately to transfer the
10 Note on behalf of CTX. *See Leyva v. Nat'l Default Servicing Corp.*, 127 Nev. Adv. Op. No. 40
11 (Nev. 2011) (holding that in Nevada a promissory note may be transferred either via a traditional
12 negotiation or by otherwise giving the transferee "possession of the note for the purpose of
13 enforcing it" (citing Nev. Rev. Stat. §§ 104.3109 *et seq.*)).
14      In *Leyva*, the Nevada Supreme Court reversed a state district court's order concerning a
15 beneficiary's compliance with the state foreclosure mediation program. *See id.*  The Court ruled
16 that the beneficiary had failed to provide all required documents at the mediation by failing to
17 produce proof of either the endorsed promissory note or other assignment of the beneficial
18 interest. *See id.*  Here, Defendants have produced both.  The copy of the blank-endorsed Note,
19 coupled with CTX's attestation that the Note was delivered to IndyMac shows a proper
20 traditional negotiation of the Note, *see id.*, so the Court need not in this case examine the
21 propriety of MERS' purported separate assignment of the interest in the Note, *see Leyva* (citing
22 Nev. Rev. Stat. § 104.3203(2)); *see also Smith v. Cmty. Lending, Inc.*, 773 F. Supp. 2d 941,
23 942–43 (D. Nev. 2011) (finding that such a transfer can be proper depending on the scope of
24 MERS' agency under the language of the deed of trust).
25      Boyle next attests that OneWest then acquired the assets of IndyMac, including the Note,

1  and transferred the Note to Deutsche Bank as trustee for a mortgage-backed security. (*Id.* ¶ 8).
2  Defendants also adduce a copy of this assignment. (*See* Assignment, Dec. 22, 2008, ECF No. 71-
3  5).  Because the Note was still blank-endorsed at this time—there is no evidence that IndyMac or
4  any other putative intermediate holder specifically endorsed the Note in the meantime—delivery
5  to Deutsche Bank (as trustee for a mortgage-backed security) would have effected a traditional
6  negotiation under section 104.3201 without any separate assignment under section 104.3203(2).
7  The separate assignment from OneWest to Deutsche Bank was therefore sufficient, but
8  unnecessary.

9       In summary, Defendants have accounted for the potential defect the Court identified
10 when ruling on the previous motions to dismiss.  Plaintiff has not adduced any contrary evidence
11 showing a genuine issue of material fact.  The Court will therefore grant summary judgment to
12 QLS and OneWest as to the remainder of the sixth claim insofar as it has been remanded from
13 the MDL Case.

**CONCLUSION**

15      IT IS HEREBY ORDERED that the Motion for Summary Judgment (ECF No. 71) is
16 GRANTED.

17      IT IS FURTHER ORDERED that the hearing set for November 7, 2011 is VACATED.

18      IT IS SO ORDERED.

19 Dated this 13th day of October, 2011.

_____
ROBERT C. JONES
United States District Judge